# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,**

                **Plaintiff,**

        **v.**

**ROBERT SAMUEL SHUMAKE, JR.,
WILLARD L. JACKSON,
NICOLE T. BIRCH,
420 REAL ESTATE, LLC,
VICENT PETRESCU
aka VINCENT PETRESCU, and
TRUCROWD, INC. dba FUNDANNA,**

              **Defendants.**

_____/

**Case No. 2:21-cv-12193
Hon. Arthur J. Tarnow**

## PLAINTIFF SEC'S MOTION FOR
## ENTRY OF JUDGMENTS BY CONSENT

Plaintiff U.S. Securities and Exchange Commission ("SEC") hereby moves

that the Court enter Judgments as to Defendants Willard L. Jackson ("Jackson")

and 420 Real Estate, LLC ("420," collectively "the Settling Defendants")

submitted herewith. In support, the SEC states:

## Background

1.      On September 20, 2021, the SEC filed its Complaint alleging violations of the federal securities laws.

2.      The SEC and the Settling Defendants have now reached a bifurcated settlement of the SEC's allegations against them. Attached as **Exhibits 1 and 2** are the executed Consents of Settling Defendants Jackson and 420, respectively. The Consents set forth the terms of the Settling Defendants' settlements with the SEC.

3.      Attached hereto as **Exhibits 3 and 4** are the proposed Judgements to which Settling Defendants Jackson and 420, respectively, have agreed. The Consents of the Settling Defendants include consent to the entry of the Judgments.

4.      The Proposed Judgments include:

a.       A Permanent injunction against each Settling Defendant prohibiting future violations of each of the provisions of the federal securities laws at issue in the Complaint;

b.      A bar prohibiting Defendant Jackson from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15( d) of the Exchange Act [15 U.S.C. § 78o(d)];

c.      The remaining relief sought by the SEC – disgorgement, with prejudgment interest, and civil penalties – would be resolved by the Court at

2

a later date, upon motion by the SEC, and with the Court accepting the allegations in the Complaint as true.

### Approval of Settlement Terms

5.      Approval of a settlement in an SEC enforcement case is appropriate where it is "fair and reasonable, with the additional requirement that the public interest would not be disserved, in the event that the consent decree includes injunctive relief." *SEC v. Citigroup Global Markets, Inc.,* 752 F.3d 285, 294 (2d Cir. 2014).

6.      Given the allegations in the Complaint, which the Settling Defendants neither admit nor deny, the relief set forth in paragraph 4 is fair and reasonable and the injunctions against the Settling Defendants and the bar prohibiting Defendant Jackson from serving as an officer or director will serve the public interest.

7.      Entry of the Proposed Judgments will conserve judicial resources and save the SEC and the two Settling Defendants the time and expense of continued litigation.

THEREFORE, the SEC respectfully requests that this Court grant this

Motion and enter the proposed Judgments attached as Exhibits 3 and 4.

Respectfully Submitted,

**UNITED STATES SECURITIES AND
EXCHANGE COMMISSION**

*s/John E. Birkenheier*
John E. Birkenheier, Illinois Bar No. 6270993
Jerrold H. Kohn, Illinois Bar No. 6188085
Dante A. Roldàn, Illinois Bar No. 6316972

U.S. Securities and Exchange Commission
Chicago Regional Office
175 West Jackson Blvd., Suite 1450
Chicago, Illinois 60604
(312) 353-7390
(312) 353-7398 (facsimile)
BirkenheierJ@sec.gov
KohnJ@sec.gov
RoldanD@sec.gov

Dawn N. Ison, United States Attorney
Peter A. Caplan, Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9784
P-30643
Peter.Caplan@usdoj.gov

*Attorneys for Plaintiff*

Dated:  January 28, 2022

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2022, I caused a copy of the **SEC's Motion for Entry of Judgments by Consent**, along with accompanying exhibits, on the following parties below via United States mail:

Tatiana Logan
7190 W. Sunset Blvd., #157
Los Angeles, CA 90046
(Counsel for Defendants Willard L.
  Jackson and 420 Real Estate, LLC)

/s/John E. Birkenheier
John E. Birkenheier

# Exhibit 1

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,**

        **Plaintiff,**                  **Case No. 21-cv-12193**
                                       **Hon. Arthur J. Tarnow**

        **v.**

**ROBERT SAMUEL SHUMAKE, JR.,**        **JURY TRIAL DEMANDED**
**WILLARD L. JACKSON,**
**NICOLE T. BIRCH,**
**420 REAL ESTATE, LLC,**
**VICENT PETRESCU**
**aka VINCENT PETRESCU, and**
**TRUCROWD, INC. dba FUNDANNA,**

        **Defendants.**
_____/

## CONSENT OF DEFENDANT WILLARD L. JACKSON

1.    Defendant Willard L. Jackson ("Defendant") waives service of a summons and the complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2.    Without admitting or denying the allegations of the complaint (except as provided herein in paragraph 13 and except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of

the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

(a)     permanently restrains and enjoins Defendant from violation of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder;

(b)     Prohibits Defendant from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)]; and

(c)     orders that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains plus prejudgment interest and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount of the disgorgement and/or civil penalty.

3.     Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section

308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that he shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that he is entitled to, nor shall he further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that he shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.     Defendant agrees that he shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not

limited to payment made pursuant to any insurance policy, with regard to any civil

penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of

whether such penalty amounts or any part thereof are added to a distribution fund

or otherwise used for the benefit of investors. Defendant further agrees that he

shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

federal, state, or local tax for any penalty amounts that Defendant pays pursuant to

the Final Judgment, regardless of whether such penalty amounts or any part thereof

are added to a distribution fund or otherwise used for the benefit of investors.

5.      Defendant agrees that, upon motion of the Commission, the Court

shall determine whether it is appropriate to order disgorgement of ill-gotten gains

and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C.

§ 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if

so, the amount(s) of the disgorgement and/or civil penalty.  The Defendant further

understands that, if disgorgement is ordered, Defendant shall pay prejudgment

interest thereon, calculated from June 1, 2019, based on the rate of interest used by

the Internal Revenue Service for the underpayment of federal income tax as set

forth in 26 U.S.C. § 6621(a)(2).  Defendant further agrees that in connection with

the Commission's motion for disgorgement and/or civil penalties, and at any

hearing held on such a motion: (a) Defendant will be precluded from arguing that

he did not violate the federal securities laws as alleged in the Complaint; (b)

Defendant may not challenge the validity of this Consent or the Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

6.      Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.      Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Judgment.

8.      Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

9.      Defendant agrees that this Consent shall be incorporated into the Judgment with the same force and effect as if fully set forth therein.

10.     Defendant will not oppose the enforcement of the Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

11.     Defendant waives service of the Judgment and agrees that entry of the Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

12.     Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations.

Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that he shall not be permitted to contest the factual allegations of the complaint in this action.

13.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no

admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

14.     Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or her official capacity, directly or

indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

15.     In connection with this action and any related judicial or administrative proceeding or investigation commenced by the Commission or to which the Commission is a party, Defendant (i) agrees to appear and be interviewed by Commission staff at such times and places as the staff requests upon reasonable notice; (ii) will accept service by mail or facsimile transmission of notices or subpoenas issued by the Commission for documents or testimony at depositions, hearings, or trials, or in connection with any related investigation by Commission staff; (iii) appoints Defendant's undersigned attorney as agent to receive service of such notices and subpoenas; (iv) with respect to such notices and subpoenas, waives the territorial limits on service contained in Rule 45 of the Federal Rules of Civil Procedure and any applicable local rules, provided that the party requesting the testimony reimburses Defendant's travel, lodging, and subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v) consents to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

16.     Defendant agrees that the Commission may present the Judgment to

the Court for signature and entry without further notice.

17.     Defendant agrees that this Court shall retain jurisdiction over this

matter for the purpose of enforcing the terms of the Judgment.

Dated: _1/25/2022_                    _____

                                      Willard L. Jackson

On _January 25_, 2022, _Willard L. Jackson, Jr_, a person known
to me, personally appeared before me and acknowledged executing the foregoing
Consent.

                                      _____
                                      Notary Public
                                      Commission expires:

                                      ┌─────────────────────────────┐
                                      │      ELIZABETH BURNETT       │
                                      │ Notary Public, State of Texas│
                                      │  Comm. Expires 05-31-2022    │
                                      │    Notary ID 129771503       │
                                      └─────────────────────────────┘

Approved as to form:

_____
Tatiana Logan
Elwood Law
7190 W. Sunset Blvd., #157
Los Angeles, CA 90046
310-489-7787
Attorney for Defendant

# Exhibit 2

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,**

          **Plaintiff,**                   **Case No. 21-cv-12193**
                                           **Hon. Arthur J. Tarnow**

          **v.**

**ROBERT SAMUEL SHUMAKE, JR.,**       **JURY TRIAL DEMANDED**
**WILLARD L. JACKSON,**
**NICOLE T. BIRCH,**
**420 REAL ESTATE, LLC,**
**VICENT PETRESCU**
**aka VINCENT PETRESCU, and**
**TRUCROWD, INC. dba FUNDANNA,**

          **Defendants.**
_____/

## CONSENT OF DEFENDANT 420 REAL ESTATE, LLC

1.     Defendant 420 Real Estate, LLC ("Defendant") waives service of a

summons and the complaint in this action, enters a general appearance, and admits

the Court's jurisdiction over Defendant and over the subject matter of this action.

2.     Without admitting or denying the allegations of the complaint (except

as provided herein in paragraph 13 and except as to personal and subject matter

jurisdiction, which Defendant admits), Defendant hereby consents to the entry of

the Judgment in the form attached hereto (the "Judgment") and incorporated by reference herein, which, among other things:

    (a)    permanently restrains and enjoins Defendant from violation of Sections 5(a), 5(c), and 17(a) of the Securities Act of 1933 ("Securities Act") and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") and Rule 10b-5 thereunder; and

    (b)    orders that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains plus prejudgment interest and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount of the disgorgement and/or civil penalty.

3.    Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action

2

based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that it shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4.     Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any

federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5.     Defendant agrees that, upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty.  The Defendant further understands that, if disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from June 1, 2019, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2).  Defendant further agrees that in connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may not challenge the validity of this Consent or the Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without

4

regard to the standards for summary judgment contained in Rule 56(c) of the

Federal Rules of Civil Procedure.  In connection with the Commission's motion for

disgorgement and/or civil penalties, the parties may take discovery, including

discovery from appropriate non-parties.

6.      Defendant waives the entry of findings of fact and conclusions of law

pursuant to Rule 52 of the Federal Rules of Civil Procedure.

7.      Defendant waives the right, if any, to a jury trial and to appeal from

the entry of the Judgment.

8.      Defendant enters into this Consent voluntarily and represents that no

threats, offers, promises, or inducements of any kind have been made by the

Commission or any member, officer, employee, agent, or representative of the

Commission to induce Defendant to enter into this Consent.

9.      Defendant agrees that this Consent shall be incorporated into the

Judgment with the same force and effect as if fully set forth therein.

10.      Defendant will not oppose the enforcement of the Judgment on the

ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of

Civil Procedure, and hereby waives any objection based thereon.

11.      Defendant waives service of the Judgment and agrees that entry of the

Judgment by the Court and filing with the Clerk of the Court will constitute notice

to Defendant of its terms and conditions. Defendant further agrees to provide

counsel for the Commission, within thirty days after the Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Judgment.

12.   Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it

6

shall not be permitted to contest the factual allegations of the complaint in this action.

13.     Defendant understands and agrees to comply with the terms of 17 C.F.R. § 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegations in the complaint or order for proceedings," and "a refusal to admit the allegations is equivalent to a denial, unless the defendant or respondent states that he neither admits nor denies the allegations." As part of Defendant's agreement to comply with the terms of Section 202.5(e), Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations, without also stating that Defendant does not deny the allegations; (iii) and upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint.  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii)

right to take legal or factual positions in litigation or other legal proceedings in
which the Commission is not a party.

14.     Defendant hereby waives any rights under the Equal Access to Justice
Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any
other provision of law to seek from the United States, or any agency, or any
official of the United States acting in his or her official capacity, directly or
indirectly, reimbursement of attorney's fees or other fees, expenses, or costs
expended by Defendant to defend against this action. For these purposes,
Defendant agrees that Defendant is not the prevailing party in this action since the
parties have reached a good faith settlement.

15.     In connection with this action and any related judicial or
administrative proceeding or investigation commenced by the Commission or to
which the Commission is a party, Defendant (i) agrees to appear and be
interviewed by Commission staff at such times and places as the staff requests
upon reasonable notice; (ii) will accept service by mail or facsimile transmission of
notices or subpoenas issued by the Commission for documents or testimony at
depositions, hearings, or trials, or in connection with any related investigation by
Commission staff; (iii) appoints Defendant's undersigned attorney as agent to
receive service of such notices and subpoenas; (iv) with respect to such notices and
subpoenas, waives the territorial limits on service contained in Rule 45 of the

Federal Rules of Civil Procedure and any applicable local rules, provided that the

party requesting the testimony reimburses Defendant's travel, lodging, and

subsistence expenses at the then-prevailing U.S. Government per diem rates; and (v)

consents to personal jurisdiction over Defendant in any United States District

Court for purposes of enforcing any such subpoena.

16.    Defendant agrees that the Commission may present the Judgment to

the Court for signature and entry without further notice.

17.    Defendant agrees that this Court shall retain jurisdiction over this

matter for the purpose of enforcing the terms of the Judgment.

Dated:  1/25/2022

Willard L. Jackson
Chief Executive Officer and
Managing Member


On  January 25 , 2022, Willard L. Jackson Jr. , a person known
to me, personally appeared before me and acknowledged executing the foregoing
Consent

Notary Public
Commission expires:



ELIZABETH BURNETT
Notary Public, State of Texas
Comm. Expires 05-31-2022
Notary ID 129771503

9

Approved as to form:

Tatiana Logan
Elwood Law
7190 W. Sunset Blvd., #157
Los Angeles, CA 90046
310-489-7787
Attorney for Defendant

**420 REAL ESTATE, LLC**
**LIMITED CERTIFICATE OF CORPORATE RESOLUTION**

I, Willard L. Jackson, do hereby certify that I am the duly elected, qualified and acting CEO and Managing Member of 420 Real Estate, LLC, a Texas corporation, and that the following is a complete and accurate copy of a resolution adopted by the Board of Directors of 420 Real Estate, LLC at a meeting held on _1/24/2022_, 2022 at which a quorum was present and resolved as follows:

> **RESOLVED:** That Willard L. Jackson, CEO and Managing Member of 420 Real Estate, LLC, be and hereby is authorized to act on behalf of 420 Real Estate, LLC, and in his sole discretion, to negotiate, approve, and execute the Consent attached hereto in connection with the civil action *United States Securities and Exchange Commission v. Robert Samuel Shumake, Jr., et al.,* Case No. 21-cv-12193 (E.D. Mich.) and the aforementioned be and hereby is authorized to undertake such actions as he may deem necessary and advisable, including the execution of documentation as may be required, in order to carry out the foregoing.

I further certify that the aforesaid resolution has not been amended or revoked in any respect and remains in full force and effect.

IN WITNESS WHEREOF, I have executed this Certificate as a sealed instrument this _25_ day of _January_, 2022.

By: _____
Willard L. Jackson, CEO and
Managing Member
~~TruCrowd, Inc.~~
420 Real Estate, LLC

STATE OF _Texas_          }
                          }        SS:
COUNTY OF _Harris_        }

The foregoing instrument was acknowledged before me this _25_ day of _January_, 2022, by Willard L. Jackson who _✓_ is personally known to me or ____ who has produced a State of _Texas_ driver's license as identification and who did take an oath.

_____
Notary Public
State of
Commission Number         :
Commission Expiration      :

ELIZABETH BURNETT
Notary Public, State of Texas
Comm. Expires 05-31-2022
Notary ID 129771503

Exhibit 3

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,**

          **Plaintiff,**                       **Case No. 21-cv-12193
Hon. Arthur J. Tarnow**

          **v.**

**ROBERT SAMUEL SHUMAKE, JR.,**         **JURY TRIAL DEMANDED**
**WILLARD L. JACKSON,
NICOLE T. BIRCH,
420 REAL ESTATE, LLC,
VICENT PETRESCU
aka VINCENT PETRESCU, and
TRUCROWD, INC. dba FUNDANNA,**

          **Defendants.**

_____/

## JUDGMENT AS TO DEFENDANT WILLARD L. JACKSON

The Securities and Exchange Commission having filed a Complaint and

Defendant Willard L. Jackson ("Defendant") having entered a general appearance;

consented to the Court's jurisdiction over Defendant and the subject matter of this

action; consented to entry of this Judgment without admitting or denying the

allegations of the Complaint (except as to jurisdiction and except as otherwise

provided herein in paragraph VII); waived findings of fact and conclusions of law;

and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)      to employ any device, scheme, or artifice to defraud;

(b)      to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)      to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant is permanently restrained and enjoined from violating Section 17(a)

of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the

offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails,

directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a

material fact or any omission of a material fact necessary in order to make

the statements made, in light of the circumstances under which they were

made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which

operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Judgment by personal service

or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys;

and (b) other persons in active concert or participation with Defendant or with

anyone described in (a).

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant is permanently restrained and enjoined from violating Section 5 of

the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any

applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use
    of any means or instruments of transportation or communication in
    interstate commerce or of the mails to sell such security through the
    use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or
    causing to be carried through the mails or in interstate commerce, by
    any means or instruments of transportation, any such security for the
    purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or
    communication in interstate commerce or of the mails to offer to sell
    or offer to buy through the use or medium of any prospectus or
    otherwise any security, unless a registration statement has been filed
    with the Commission as to such security, or while the registration
    statement is the subject of a refusal order or stop order or (prior to the

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

V.

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of

the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the

disgorgement and/or civil penalty.  If disgorgement is ordered, Defendant shall pay

prejudgment interest thereon, calculated from June 1, 2019, based on the rate of

interest used by the Internal Revenue Service for the underpayment of federal

income tax as set forth in 26 U.S.C. § 6621(a)(2).  In connection with the

Commission's motion for disgorgement and/or civil penalties, and at any hearing

held on such a motion: (a) Defendant will be precluded from arguing that he did

not violate the federal securities laws as alleged in the Complaint; (b) Defendant

may not challenge the validity of the Consent or this Final Judgment; (c) solely for

the purposes of such motion, the allegations of the Complaint shall be accepted as

and deemed true by the Court; and (d) the Court may determine the issues raised in

the motion on the basis of affidavits, declarations, excerpts of sworn deposition or

investigative testimony, and documentary evidence, without regard to the standards

for summary judgment contained in Rule 56(c) of the Federal Rules of Civil

Procedure.  In connection with the Commission's motion for disgorgement and/or

civil penalties, the parties may take discovery, including discovery from

appropriate non-parties.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the

Consent is incorporated herein with the same force and effect as if fully set forth

herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal

Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and

without further notice.


Dated: _____, _____


_____
UNITED STATES DISTRICT JUDGE

Exhibit 4

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,**

          **Plaintiff,**

          **v.**

**ROBERT SAMUEL SHUMAKE, JR.,
WILLARD L. JACKSON,
NICOLE T. BIRCH,
420 REAL ESTATE, LLC,
VICENT PETRESCU
aka VINCENT PETRESCU, and
TRUCROWD, INC. dba FUNDANNA,**

          **Defendants.**

_____/

**Case No. 21-cv-12193
Hon. Arthur J. Tarnow**

**JURY TRIAL DEMANDED**

## JUDGMENT AS TO DEFENDANT 420 REAL ESTATE, LLC

The Securities and Exchange Commission having filed a Complaint and

Defendant 420 Real Estate, LLC ("Defendant") having entered a general

appearance; consented to the Court's jurisdiction over Defendant and the subject

matter of this action; consented to entry of this Judgment without admitting or

denying the allegations of the Complaint; waived findings of fact and conclusions

of law; and waived any right to appeal from this Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c)     to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

2

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant is permanently restrained and enjoined from violating Section 17(a)

of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the

offer or sale of any security by the use of any means or instruments of

transportation or communication in interstate commerce or by use of the mails,

directly or indirectly:

(a)     to employ any device, scheme, or artifice to defraud;

(b)     to obtain money or property by means of any untrue statement of a

material fact or any omission of a material fact necessary in order to make

the statements made, in light of the circumstances under which they were

made, not misleading; or

(c)     to engage in any transaction, practice, or course of business which

operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as

provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also

binds the following who receive actual notice of this Judgment by personal service

or otherwise:  (a) Defendant's officers, agents, servants, employees, and attorneys;

and (b) other persons in active concert or participation with Defendant or with

anyone described in (a).

3

III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED

that Defendant is permanently restrained and enjoined from violating Section 5 of

the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any

applicable exemption:

(a)     Unless a registration statement is in effect as to a security, making use
        of any means or instruments of transportation or communication in
        interstate commerce or of the mails to sell such security through the
        use or medium of any prospectus or otherwise;

(b)     Unless a registration statement is in effect as to a security, carrying or
        causing to be carried through the mails or in interstate commerce, by
        any means or instruments of transportation, any such security for the
        purpose of sale or for delivery after sale; or

(c)     Making use of any means or instruments of transportation or
        communication in interstate commerce or of the mails to offer to sell
        or offer to buy through the use or medium of any prospectus or
        otherwise any security, unless a registration statement has been filed
        with the Commission as to such security, or while the registration
        statement is the subject of a refusal order or stop order or (prior to the

4

effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

Upon motion of the Commission, the Court shall determine whether it is appropriate to order disgorgement of ill-gotten gains and/or a civil penalty pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)] and, if so, the amount(s) of the disgorgement and/or civil penalty. If disgorgement is ordered, Defendant shall pay prejudgment interest thereon, calculated from June 1, 2019, based on the rate of interest used by the Internal Revenue Service for the underpayment of federal income tax as set forth in 26 U.S.C. § 6621(a)(2). In connection with the Commission's motion for disgorgement and/or civil penalties, and at any hearing held on such a motion: (a) Defendant will be precluded from arguing that it did not violate the federal securities laws as alleged in the Complaint; (b) Defendant may

5

not challenge the validity of the Consent or this Final Judgment; (c) solely for the purposes of such motion, the allegations of the Complaint shall be accepted as and deemed true by the Court; and (d) the Court may determine the issues raised in the motion on the basis of affidavits, declarations, excerpts of sworn deposition or investigative testimony, and documentary evidence, without regard to the standards for summary judgment contained in Rule 56(c) of the Federal Rules of Civil Procedure.  In connection with the Commission's motion for disgorgement and/or civil penalties, the parties may take discovery, including discovery from appropriate non-parties.

## V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

## VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal

Rules of Civil Procedure, the Clerk is ordered to enter this Judgment forthwith and

without further notice.

Dated: _____, _____

_____
UNITED STATES DISTRICT JUDGE

7