

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION



FILED
APR 24 2024
CLERK'S OFFICE
DETROIT

| | |
|---|---|
| UNITED STATES SECURITIES & EXCHANGE COMMISSION | 21-12193 |
| Plaintiff. | ~~Case No. 21-cv-1293~~ |
| v. | |
| ROBERT SAMUEL SHUMAKE, JR. | HON. MATTHEW F. LEITMAN |
| Et. al., | |
| Defendants | |

## NOTICE OF MOTION TO ENFORCE AUTOMATIC STAY AND IMPOSE SANCTIONS AGAINST THE SECURITIES EXCHANGE COMMISSION

You are hereby notified that on April 24, 2024 that Defendant Robert Shumake filed this Notice of Motion & Motion To Enforce Automatic Stay And Impose Sanctions Against The Securities Exchange Commission by way of e-filing to the Office of the Clerk of the United States District Court at Eastern Michigan, Southern Division: Theodore Levin Courthouse, 231 W. Lafayette Blvd., Room 599, Detroit, MI 48226. REMOTE APPEARANCE, E-FILING, AND ANSWER/RESPONSES BY EMAIL REQUESTED TO ROBSHUMAKE@GMAIL.COM .

Respectfully Submitted,

*[signature]*

Robert Shumake, Pro Per
4072 Huckleberry Circle
Dallas, TX 75216
robshumake@gmail.com

1

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

UNITED STATES SECURITIES &

EXCHANGE COMMISSION

               Plaintiff,               Case No: 21-cv-1293

v.

                                       HON. MATTHEW F. LEITMAN

ROBERT SAMUEL SHUMAKE, JR.

Et. al.

               Defendants

**Motion to Enforce Automatic Stay and Impose Sanctions Against the Securities Exchange Commission**

Now Comes, Robert Shumake (hereinafter referred to as "Defendant"), whom approaches this Court In Proper Person by Special and Limited Appearance, respectfully submitting this Motion to Enforce Automatic Stay and Impose Sanctions Against the Securities Exchange Commission (hereinafter referred to as "SEC").

**Statement of Facts:**

1. On June 9, 2023 Defendant vigorously defended against legal proceedings initiated by SEC alleging fraud in violation of SEC Rule 10b-5(b), 17 CFR Section 240.10b-5(b). This Honorable Court ruled in favor Defendant, in part, denying the SEC's claims of securities fraud against Defendant.

2. On or around 8/22/2023 Defendant filed an Amended Answer to Complaint with Affirmative Defenses with Jury Demand. On 10/04/2023, the Court granted an Order of Protection to provide protection of Private Information of parties to include redaction of financial information.

2

3. Defendant is insolvent and filed for Bankruptcy under Chapter 7 of the United States Bankruptcy Code on February 7, 2024, Case No. 9:24-bk-10129-RC.

4. Pursuant to § 362(a) of the United States Bankruptcy Code, automatic stays are triggered upon the filing of bankruptcy, except in cases involving child support, environment violations, criminal proceedings, or cases with fraud charges.

5. Matters related to the automatic stay in bankruptcy proceedings are within the exclusive jurisdiction of the Bankruptcy Court.

6. Despite Defendant's exoneration from securities fraud allegations and the lack of fraud charges, the SEC has persistently pursued actions against Defendant, including the attempt to wrongfully circumvent the protections afforded by the automatic stay provision of the Bankruptcy Code.

7. The SEC's continued harassment, including unwarranted investigations, negative publicity, and baseless allegations, has caused significant harm to Defendant, his reputation, his family, and his business relationships.

**Legal Argument**

1. The Bankruptcy Code's automatic stay provision is designed to provide debtors with breathing room from creditor actions to enable them to reorganize their financial affairs.

2. Section 362(a) provides:

> (a) Except as provided in subsection (b) of this section, a petition filed . . . operates as a stay, applicable to all entities, of —
> (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate. . . .

11 U.S.C. § 362(a). "The general policy behind this section is to grant complete, immediate, albeit temporary relief to the debtor from creditors, and also to prevent dissipation of the debtor's assets before orderly distribution to creditors can be effected." *Penn Terra Ltd. v. Department of Envtl. Resources*, 733 F.2d 267, 271 (3d Cir. 1984). In addition, the automatic stay provision is intended "to allow the bankruptcy court to centralize all disputes concerning property of the debtor's estate so that reorganization can proceed efficiently, unimpeded by uncoordinated

3

proceedings in other arenas." *In re United States Lines, Inc.*, 197 F.3d 631, 640 (2d Cir. 1999) (internal quotation marks omitted).

3.  Further, 28 USC Section 1334(d), provides:

    Subsection (c) and this subsection shall not be construed to limit the applicability of the stay provided for by section 362 of title 11, United States Code, as such section applies to an action affecting the property of the estate in bankruptcy.

4.  In this matter, the SEC fits the description of a debt collector under the Fair Debt Collection Practices Act in which Debt Collectors are not exempt from the automatic Stay in Bankruptcies. (See Securities Exchange Act of 1934).

5.  Pursuant to Federal Rules of Bankruptcy 4001, in order for a party to begin or continue a proceeding to collect a debt against the Debtor that has been stayed because of the filing of Bankruptcy and the Automatic Stay, he must file with the Bankruptcy Court a Motion for Relief from the Automatic Stay.

6.  The SEC's actions in contravention of the automatic stay provision and Federal Rules of Bankruptcy represent a blatant disregard for the law and undermine the integrity of the bankruptcy process, including, but not limited to, attempting to bypass the Bankruptcy Court to seek relief from the automatic stay and interfering with Defendant's ability to reorganize or liquidate his assets in accordance with the bankruptcy process.

7.  Allowing the SEC to circumvent the automatic stay provision and Federal Rules of Bankruptcy would prejudice the interests of creditors by even further depleting Defendant's assets that could otherwise be distributed among creditors in the bankruptcy proceeding.

8.  The Court's previous ruling in Defendant's favor on the securities fraud claim should have put an end to the SEC's legal pursuit against Defendant and accordingly, does not give rise to the SEC's exemption claims.

9.  Section 362(k)(1) provides that an individual injured by any willful violation of the automatic stay "shall recover actual damages, including costs and attorneys' fees, and in appropriate circumstances, may recover punitive damages." By persisting in their actions post-July 2023, the SEC is not only ignoring the Bankruptcy Code but also engaging in retaliatory and harassing conduct against Defendant.

**Request for Relief**

Wherefore, Defendant respectfully requests this Honorable Court to:

1.      Enforce the automatic stay against the SEC in this Court, thereby prohibiting further legal actions or harassment against Defendant pursuant to the Bankruptcy Code.

2.      Impose monetary sanctions against the SEC for their willful violation of the automatic stay provision and their continued harassment of Defendant.

**Conclusion**

In conclusion, the SEC's actions have not only disregarded the Bankruptcy Code and Federal Bankruptcy Rules but have also inflicted undue harm and harassment upon Defendant. It is imperative that this Honorable Court uphold the integrity of the bankruptcy process and ensure that Defendant's rights are protected. Therefore, Defendant respectfully urges the Court to grant the relief sought herein and any other remedies the Court deems appropriate.

Respectfully Submitted,

Robert Shumake, Pro Per
4072 Huckleberry Circle
Dallas, TX 75216
robshumake@gmail.com

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

UNITED STATES SECURITIES &

EXCHANGE COMMISSION

            Plaintiff,                       Case No: 21-cv-1293

v.

                                                         HON. MATTHEW F. LEITMAN

ROBERT SAMUEL SHUMAKE, JR.

Et. al.

            Defendants

## ORDER

**IT IS HEREBY ORDERED that: Defendant's** Motion to Enforce Automatic Stay and Impose Sanctions Against the Securities Exchange Commission is GRANTED.

ENTERED: _____

                                                         By: _____

                                                             HON. MATTHEW F. LEITMAN

Clerk:

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF MICHIGAN

### SOUTHERN DIVISION

UNITED STATES SECURITIES &
EXCHANGE COMMISSION

           Plaintiff,           Case No: 21-cv-1293

v.

           HON. MATTHEW F. LEITMAN

ROBERT SAMUEL SHUMAKE, JR.

Et. al.

           Defendants

**CERTIFICATE OF SERVICE OF NOTICE OF** Motion to Enforce Automatic Stay and Impose Sanctions Against the Securities Exchange Commission

I, Robert Shumake, hereby certify the following under penalty of perjury:

1. I served a Notice of Motion to Enforce Automatic Stay and Impose Sanctions Against the Securities Exchange Commission in case No. 21-cv-1293 with Motion to Stay if Abatement is not accepted by way of e-filing to the Office of the Clerk of the United States District Court at Eastern Michigan, Southern Division: Theodore Levin Courthouse, 231 W. Lafayette Blvd., Room 599, Detroit, MI 48226 on April 24, 2024.

Respectfully Submitted,

*/s/ Robert Shumake/*

Robert Shumake, Pro Per
4072 Huckleberry Circle
Dallas, TX 75216
robshumake@gmail.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        Plaintiff,

v.

ROBERT SAMUEL SHUMAKE, JR.,

        Defendant.
_____/

Case No. 2:21-cv-12193

Hon. Matthew F. Leitman

# NOTICE

Plaintiff U.S. Securities and Exchange Commission hereby gives the Court notice that on February 7, 2024 Defendant Shumake, now known as Bobby Shumake Japhia, commenced a personal bankruptcy proceeding pursuant to Chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Central District of California. *See* Ex. 1. For the reasons discussed below, Defendant's Chapter 7 filing does not stay the continuation of this action.

### A. This Court Has Jurisdiction to Determine the Applicability of the Automatic Stay

As a preliminary issue, this Court has jurisdiction to determine whether the automatic stay applies to this action. It is well settled that a non-bankruptcy court has jurisdiction to determine whether an action pending before it is subject

1

to the automatic stay. *See Chao v. Hospital Staffing Svcs., Inc.*, 270 F.3d. 374, 384 (6th Cir. 2001); *Lockyer v. Mirant Corp.*, 398 F.3d. 1098, 1107 (9th Cir. 2005) ("We therefore hold, in accordance with established law, that a district court has jurisdiction to decide whether the automatic stay applies to a proceeding pending before it, over which it would otherwise have jurisdiction.")

### B. The SEC's Action is Exempt from the Automatic Stay

Although Section 362(a) provides for an automatic stay of certain legal actions and proceedings against a debtor, Defendant's bankruptcy petition does not automatically stay the SEC's enforcement action. An exception to the automatic stay provides that governmental units' actions are not automatically stayed. This exception, at 11 U.S.C. § 362(b)(4), provides:

> (b) [t]he filing of a petition . . . does not operate as a stay –
>
> (4) under paragraph (1), (2), (3), or (6) of subsection (a) of this section, of the commencement or continuation of an action or proceeding by a governmental unit . . . to enforce such governmental unit's or organization's police and regulatory power, including the enforcement of a judgment other than a money judgment, obtained in an action or proceeding by the governmental unit to enforce such governmental unit's or organization's police or regulatory power. . . .

The Sixth Circuit employs two tests when determining whether the police powers exception applies—the pecuniary purpose test and the public policy test. *In re Commerce Oil Co.*, 847 F.2d 291, 295 (6th Cir.1988). According to the Sixth

Circuit, under the pecuniary purpose test, reviewing courts focus on whether the governmental proceeding relates primarily to the protection of the government's pecuniary interest in the debtor's property, and not to matters of public safety. *Id.* (citing *NLRB v. Edward Cooper Painting, Inc.,* 804 F.2d 934, 942-43 (6th Cir.1986)). Those proceedings which relate primarily to matters of public safety are excepted from the stay; those that relate primarily to the government's pecuniary interest are not. *In re Commerce Oil Co.,* 847 F.2d at 295. Under the public policy test, reviewing courts must distinguish between proceedings that adjudicate private rights and those that effectuate public policy. *Id.* Those proceedings that effectuate a public policy are excepted from the stay; therefore, by implication, those proceedings that effectuate private rights are not. *Id.*

Courts in this Circuit routinely hold that civil enforcement actions by the SEC satisfy the police powers test, and therefore, fall within the exception to the automatic stay set forth in Section 362(b)(4) of the Bankruptcy Code. *See e.g. SEC v. Bluestein,* 2011 WL 4043125, No. 09-cv-13809, (ED MI, Sept. 12, 2011) (holding that automatic stay does not prevent SEC from obtaining order requiring debtor to disgorge ill-gotten gains, but only enforcement of such an order is stayed); *SEC v. Applegate,* 2006 WL 1005302 at *1, No. 1:05CV2363 (ND OH, April 13, 2006) ("An order of disgorgement is not the equivalent to ordinary money damages, but rather is an equitable remedy sought in furtherance of the

3

SEC's police powers.") (citation omitted); *SEC v. Smith*, 2005 WL 2875546, No. C2-CV-04-739 (SD OH, Nov. 2, 2005). Numerous courts in other Circuits likewise find that SEC enforcement actions fall within the police powers exception to the automatic stay, up to the enforcement of a money judgment. *See, e.g., SEC v. Miller*, 808 F.3d 623, 631 (2d Cir. 2015); *SEC v. First Financial Group of Texas*, 645 F.2d 429, 437 (5th Cir. 1981); *SEC v. Long*, 106 B.R. 697, 698 (D. Kan. 1989); *SEC v. Elmas Trading Corp.*, 620 F.Supp. 231, 240-41 (D. Nev. 1985), *aff'd*, 805 F.2d 1039 (9th Cir. 1986); *SEC v. Towers Fin. Corp.*, 205 B.R. 27, 31 (S.D.N.Y. 1997).

Congress created the SEC to protect investors by regulating and overseeing the securities industry. An important part of the SEC's mission is the "[i]nvestigation of securities frauds, manipulations, and other violations, and the imposition and enforcement of legal sanctions therefor." 17 C.F.R. § 200.1(d). Congress enacted the governmental exception to the automatic stay to enable governmental units like the SEC to continue their litigation in the appropriate forum. The purpose of the Section 362(b)(4) exception "is to prevent a debtor from frustrating necessary governmental functions by seeking refuge in bankruptcy court," *SEC v. Brennan*, 230 F.3d 65, 71 (2nd Cir. 2000), and to "to prevent the bankruptcy court from becoming the haven for wrongdoers." *Bilzerian v. SEC*, 146 B.R. 871, 873 (M.D. Fla. Bankr. 1992) (citations omitted).

Among other remedies, the exception to the automatic stay provision "extends to permit an injunction and enforcement of an injunction, and to permit the entry of a money judgment, but does not extend to permit enforcement of a money judgment." *SEC v. Wolfson*, 309 B.R. 612, 619 (D. Utah 2004) (internal quotation and citations omitted). Accordingly, the police and regulatory power exception to the automatic stay allows the SEC to continue to litigate the instant action against the Defendant before this Court notwithstanding the Defendant's bankruptcy filing.

As the law makes clear, this enforcement proceeding is not stayed merely because the Defendant filed a petition for bankruptcy.[1]

## CONCLUSION

The SEC's action falls within the governmental exception to the automatic stay under Section 362(b)(4) of the Bankruptcy Code.

Dated: February 9, 2024     Respectfully Submitted,

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION**

*s/John E. Birkenheier*
John E. Birkenheier, Illinois Bar No. 6270993
Jerrold H. Kohn, Illinois Bar No. 6188085

---

[1] The SEC acknowledges that if it were to obtain a money judgment against the Defendant in this action, the exception under the Section 362(b)(4) would not apply to an action to enforce the money judgment. *See SEC v. Bilzerian*, 131 F. Supp.2d 10, 14 (D.D.C. 2001).

Dante A. Roldàn, Illinois Bar No. 6316972
U.S. Securities and Exchange Commission
Chicago Regional Office
175 West Jackson Blvd., Suite 1450
Chicago, Illinois 60604
(312) 353-7390
(312) 353-7398 (facsimile)
BirkenheierJ@sec.gov
KohnJ@sec.gov
RoldanD@sec.gov

Dawn N. Ison, United States Attorney
Kevin Erskine (P69120), Assistant United States Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
Tel: (313) 226-9610
Email: Kevin.Erskine@usdoj.gov

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 9, 2024 I filed the foregoing Motion to Compel Responses to Certain Discovery Requests and Subpoenas and Brief in Support, using the CM/ECF system, which sends notification of this filing to all counsel of record.

*s/John E. Birkenheier*
John E. Birkenheier