# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION,** <br> **Plaintiff,** <br> v. <br> **ROBERT SAMUEL SHUMAKE, JR., et al.,** <br> **Defendants.** | **MOTION** <br><br> **MOTION TO ABATE OR STAY ACTIONS** <br><br> Case No: 21-cv-1293 <br> HON. MATTHEW F. LEITMAN |

## NOTICE OF MOTION AND MOTION TO ABATE OR STAY ACTIONS

**To:** The Clerk of the Court and All Interested Parties

**PLEASE TAKE NOTICE** that on May 15, 2024, or as soon thereafter as counsel may be heard, the Defendant, Robert Samuel Shumake, Jr., in propria persona, will move this Court for an order abating or staying actions in case No. 21-cv-1293.

**Respectfully submitted,**

/s/ Robert Samuel Shumake, Jr.
Robert Samuel Shumake, Jr.
5072 Hiuckleberry drive
Dallas, TX 75201
Email: Robshumake@gmail.com

**DEFENDANT ROBERT SAMUEL SHUMAKE, JR.'S BRIEF IN RESPONSE TO SEC'S REPLY AND MOTION TO ABATE OR STAY ACTIONS**

## STATEMENT OF JURISDICTION

This Court has jurisdiction over this matter pursuant to 15 U.S.C. §§ 77t(b) and 78u(d)(1), which grant the Securities and Exchange Commission (SEC) authority to bring actions to enjoin acts or practices constituting violations of the securities laws. Additionally, 28 U.S.C. §§ 1331 and 1345 provide this Court with jurisdiction over civil actions arising under the laws of the United States and those initiated by the United States or its agencies.

Defendant, Robert Samuel Shumake, Jr., challenges the jurisdiction of both this Court and the United States Securities and Exchange Commission under several provisions of the Constitution of the United States. Specifically:

1. **Article III (Judicial Powers)**:

   - Article III, Section 1 establishes the judicial power of the United States in one Supreme Court and such inferior courts as Congress may from time to time ordain and establish. This article ensures the independence of the judiciary by providing judges with life tenure and protection against salary diminishment. Defendant asserts that the actions undertaken by the SEC and this Court must strictly adhere to the boundaries of judicial authority as outlined in this article.

2. **Article VI (Supremacy Clause)**:

   - Article VI, Clause 2, known as the Supremacy Clause, establishes that the Constitution, federal laws made pursuant to it, and treaties made under its authority constitute the supreme law of the land. It further mandates that judges in every state are bound by the Constitution, notwithstanding any state laws to the contrary. Defendant argues that any statutory authority claimed by the SEC must be consistent with constitutional principles and that this Court must ensure that the SEC's actions do not contravene these supreme constitutional mandates.

3. **Ninth Amendment**:

   - The Ninth Amendment declares that the enumeration of certain rights in the Constitution shall not be construed to deny or disparage others retained by the people. Defendant invokes this amendment to assert his fundamental rights and liberties that may not be explicitly mentioned in the Constitution but are nonetheless protected against governmental overreach.

4. **Tenth Amendment**:

- The Tenth Amendment reserves to the states or the people all powers not delegated to the United States by the Constitution, nor prohibited by it to the states. Defendant contends that the SEC, a federal agency, must operate within the confines of the powers explicitly granted to it by the Constitution and federal statutes, and that any overextension of these powers infringes upon rights reserved to the states or the people.

5. **Thirteenth Amendment**:

- The Thirteenth Amendment, Section 1, abolishes slavery and involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted. Defendant emphasizes this amendment to argue against any form of involuntary servitude, including excessive regulatory impositions by the SEC that may unduly restrict his freedoms and professional activities without just cause or due process.

By invoking these constitutional provisions, Defendant challenges the legitimacy of the SEC's actions and this Court's jurisdiction over the matter, asserting that any exercise of judicial or regulatory authority must be fully compliant with the overarching principles and protections enshrined in the United States Constitution. Defendant respectfully submits that this Court must rigorously scrutinize the SEC's claims and ensure that all proceedings uphold the constitutional rights and liberties of the Defendant.

# BACKGROUND

This case involves allegations by the United States Securities and Exchange Commission (SEC) against Robert Samuel Shumake, Jr., among others. The procedural history of this case is as follows:

1. **June 9, 2023**: The Honorable Matthew F. Leitman issued an order partially granting and partially denying Defendant Robert Samuel Shumake, Jr.'s motion to dismiss the complaint for failure to state a claim. The Court's decision established that while certain claims were insufficiently pled, others merited further judicial scrutiny. This ruling delineated the contours of the legal arguments that would proceed to discovery and potential trial.

2. **June 21, 2023**: The SEC filed a notice with the Court indicating its decision not to file an amended complaint. This strategic decision by the SEC signifies its reliance on the sufficiency of the remaining claims as determined by the Court's previous ruling. The SEC thereby chose to proceed on the existing record without further amending its allegations against the Defendant.

3. **August 2, 2023**: The law firm representing co-defendant Robert Shumake filed an answer to the complaint. This answer included affirmative defenses and a demand for a jury trial. The affirmative defenses raised multiple legal arguments intended to negate or mitigate the claims brought by the SEC. The demand for a jury trial indicates the co-defendant's preference for a fact-finding process involving peers rather than a bench trial.

4. **August 22, 2023**: The Attorney for the Defense, representing another co-defendant, submitted an amended answer to the complaint, which also included affirmative defenses and a jury demand. This filing adjusted and expanded upon the initial responses to the SEC's allegations, reflecting a refined defense strategy based on further case developments and legal analysis.

5. **October 4, 2023**: Judge Leitman issued an order granting a motion for protection, which provided for the redaction of sensitive financial information of the parties involved. This protective order was crucial for safeguarding the privacy and confidentiality of financial data, thereby balancing the interests of transparency in judicial proceedings with the need to protect sensitive personal and financial information from public disclosure.

6. **March 26, 2024**: The Court granted a motion to withdraw filed by Attorney Uretsky, who had been representing Defendant Shumake. The Court also acknowledged Shumake's decision to proceed pro se, representing himself in the litigation. This development highlights a significant transition in the Defendant's legal representation and approach to the ongoing proceedings.

# ARGUMENT

## I. THE SEC'S ACTION SHOULD BE ABATED DUE TO LACK OF A JUSTICIABLE CONTROVERSY

The SEC's failure to file an amended complaint signifies that there is no standing claim against the Defendant. Without a current and operative complaint, there is no justiciable controversy for this Court to adjudicate. The absence of a justiciable controversy means that the Court lacks the subject matter jurisdiction necessary to proceed against Defendant Shumake. The doctrine of Res Judicata further supports the abatement of this action, as the issues at hand have been previously adjudicated and resolved, with no new claims being substantiated or presented by the SEC. The Supreme Court has consistently upheld the principle that once a final judgment has been rendered, the same parties cannot relitigate the same issue. (See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981)). Therefore, in the interest of judicial economy and finality, this Court should dismiss the SEC's action against Defendant Shumake.

## II. THE SEC'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

The SEC did not exhaust its available administrative remedies prior to seeking judicial intervention. The administrative remedy exhaustion doctrine requires that a party must utilize all potential administrative avenues for relief before seeking judicial review. This principle ensures that agencies have the opportunity to correct their own errors, allows for the creation of an adequate record for judicial review, and promotes judicial efficiency. In the case of McKart v. United States, the Supreme Court emphasized the importance of this doctrine, stating that premature judicial intervention disrupts the administrative process (395 U.S. 185, 193 (1969)). The SEC had administrative procedures at its disposal, yet it chose to bypass these mechanisms and proceed directly to federal court. Such premature action undermines the procedural integrity and efficiency intended by the requirement to exhaust

administrative remedies. Consequently, this Court should abate the current proceedings until the SEC has fully pursued all relevant administrative avenues.

## III. THE SEC'S LACK OF POLICE POWERS

The SEC is not endowed with police powers by Congress and, as such, cannot claim exemption from the automatic stay provisions of the Bankruptcy Court. The automatic stay, codified under 11 U.S.C. § 362, halts all judicial proceedings against the debtor, preserving the status quo and protecting the debtor's estate from dismemberment by creditors. The SEC's attempt to proceed with its case against Defendant Shumake during his Chapter 7 bankruptcy proceedings constitutes an effort to enforce a money judgment, which is explicitly stayed by bankruptcy law. The Supreme Court in In re MCorp Financial, Inc. clarified that regulatory actions must respect the limitations imposed by the automatic stay (502 U.S. 32, 40 (1991)). Similarly, in SEC v. Brennan, the Second Circuit ruled that the SEC's efforts to repatriate assets for judgment enforcement violated the automatic stay (230 F.3d 65, 71 (2d Cir. 2000)). Thus, the SEC's actions fall outside the scope of its regulatory powers and infringe upon the protections provided to the debtor under bankruptcy law. This Court should recognize the SEC's overreach and abate the proceedings accordingly.

## IV. THE IMPACT OF BANKRUPTCY PROCEEDINGS

Defendant Shumake is currently undergoing Chapter 7 bankruptcy proceedings, which invoke the automatic stay under 11 U.S.C. § 362(a). This stay halts all judicial actions against the debtor, allowing for an orderly and equitable distribution of the debtor's assets among creditors. Continuing the SEC's case during the pendency of the bankruptcy proceedings would undermine the debtor's protections under the bankruptcy code and disrupt the administration of the bankruptcy estate. The Ninth Circuit in In re Gruntz emphasized that the automatic stay serves to protect the jurisdiction of the bankruptcy court and ensure a centralized process for resolving debtor-creditor disputes (202 F.3d 1074, 1081 (9th Cir. 2000)). Proceeding with this case would result in a fragmented and inefficient adjudication process, contravening the principles of bankruptcy law designed to provide comprehensive and fair resolution of the debtor's financial obligations. Therefore, in deference to the bankruptcy court's jurisdiction and to uphold the statutory protections provided to the debtor, this Court should stay the proceedings in this matter.

## V. LEGAL PRECEDENTS AND COMPARATIVE NEGLIGENCE ANALYSIS

Legal precedents clearly delineate the boundaries within which regulatory actions must operate, particularly in the context of bankruptcy proceedings and judicial oversight. Comparative negligence analysis, while primarily applied in tort cases to apportion fault, underscores the necessity of assessing the relative responsibilities and procedural correctness of involved parties.

1. **Federated Dep't Stores, Inc. v. Moitie (1981)**:
   - The Supreme Court upheld the principle of Res Judicata, emphasizing that once a final judgment is rendered, the same parties cannot relitigate the same issues. This precedent supports the argument that the SEC's failure to file an amended complaint precludes further action on previously resolved claims.

**MOTION TO ABATE OR STAY ACTIONS**

**5** | P a g e

2. **McKart v. United States (1969)**:
   - The Supreme Court highlighted the importance of exhausting administrative remedies before seeking judicial intervention. The Court recognized that bypassing administrative processes disrupts procedural integrity and judicial efficiency. This case supports the argument that the SEC's direct appeal to the courts without exhausting administrative remedies warrants abatement.

3. **In re MCorp Financial, Inc. (1991)**:
   - The Supreme Court clarified the scope of regulatory actions under the automatic stay provisions of the Bankruptcy Code, noting that regulatory bodies must respect the stay's limitations. This precedent is pertinent in arguing that the SEC's actions fall outside their regulatory scope and infringe upon the debtor's protections.

4. **SEC v. Brennan (2000)**:
   - The Second Circuit ruled that the SEC's efforts to repatriate assets violated the automatic stay, reinforcing that actions aimed at enforcing money judgments are stayed by bankruptcy proceedings. This case underscores the argument against the SEC's attempt to proceed during Defendant Shumake's bankruptcy.

5. **In re Gruntz (2000)**:
   - The Ninth Circuit emphasized the automatic stay's role in protecting the bankruptcy court's jurisdiction and ensuring a centralized process for resolving debtor-creditor disputes. This case supports the argument that continuing judicial actions against Shumake would undermine bankruptcy protections and disrupt the administration of his estate.

Comparative negligence principles, while not directly applicable in this context, highlight the necessity of equitable and proportionate responsibility. The SEC's procedural missteps, such as failing to exhaust administrative remedies and attempting to proceed during an automatic stay, should be viewed in light of the protections afforded to the debtor and the need for procedural fairness.

**CONCLUSION**

For the reasons stated above, Defendant Robert Samuel Shumake, Jr. respectfully requests that this Court grant the Motion to Abate or Stay Actions in case No. 21-cv-1293. Specifically, the Defendant urges this Court to:

1. Recognize the lack of a justiciable controversy due to the SEC's failure to file an amended complaint, leaving no standing claim against the Defendant.
2. Acknowledge the SEC's failure to exhaust its administrative remedies before seeking judicial intervention, thereby rendering this action premature and procedurally deficient.
3. Uphold the limitations imposed by the Bankruptcy Code, recognizing that the SEC is not endowed with police powers by Congress and therefore cannot claim exemption from the automatic stay provisions of 11 U.S.C. § 362.
4. Respect the impact of ongoing Chapter 7 bankruptcy proceedings, which mandate a stay on all judicial actions against the debtor to ensure the orderly and equitable distribution of the debtor's assets.
5. Adhere to established legal precedents, including Federated Dep't Stores, Inc. v. Moitie, McKart v. United States, In re MCorp Financial, Inc., SEC v. Brennan, and In re Gruntz, which collectively support the arguments for the abatement or stay of the current proceedings.

Additionally, Defendant requests that this Court impose sanctions against the SEC for its procedural missteps and lack of adherence to administrative prerequisites, which have resulted in unnecessary litigation costs and delays. The Defendant also seeks an award of reasonable attorney's fees and costs incurred in defending against these proceedings, as permitted under applicable law, to compensate for the undue burden and expense caused by the SEC's actions.

Accordingly, Defendant Robert Samuel Shumake, Jr. respectfully requests that this Court abate or stay the current proceedings, impose appropriate sanctions on the SEC, and award reasonable attorney's fees and costs to the Defendant, thereby upholding the principles of judicial efficiency, procedural fairness, and statutory compliance.

**Respectfully submitted,**

/s/ Robert Samuel Shumake, Jr.
Robert Samuel Shumake, Jr.
5072 Hiuckleberry drive
Dallas, TX 75201
Email: Robshumake@gmail.com

# CERTIFICATE OF SERVICE

I, Robert Samuel Shumake, Jr., hereby certify under penalty of perjury under the laws of the United States of America that on this 15th day of May, 2024, a true and correct copy of the foregoing Motion to Abate or Stay Actions was served electronically using the Court's CM/ECF (Case Management/Electronic Case Files) system. The CM/ECF system will automatically send notification of such filing to all attorneys of record who have consented to electronic service.

Additionally, I certify that a true and correct copy of the foregoing document was sent via United States Postal Service, first-class mail, postage prepaid, to any parties not registered to receive electronic notice via the Court's CM/ECF system, as required by the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Eastern District of Michigan.

**Respectfully submitted,**

/s/ **Robert Samuel Shumake, Jr.**
**Robert Samuel Shumake, Jr.**
**5072 Hiuckleberry drive**
**Dallas, TX 75201**
**Email: Robshumake@gmail.com**

# **EXHIBITS**

**Exhibit A:**
**Title:** Order on Motion to Dismiss
**Date:** June 9, 2023
**Issued By:** Honorable Matthew F. Leitman
**Description:** This order partially grants and partially denies Defendant Robert Samuel Shumake, Jr.'s motion to dismiss the complaint for failure to state a claim. It delineates the claims that will proceed to discovery and potential trial while dismissing others.

**Exhibit B:**
**Title:** SEC Notice of Decision Not to File Amended Complaint
**Date:** June 21, 2023
**Issued By:** United States Securities and Exchange Commission (SEC)
**Description:** The SEC's formal notice to the Court indicating its decision not to file an amended complaint. This notice signifies the SEC's reliance on the sufficiency of the existing claims as determined by the Court's prior ruling.

**Exhibit C:**
**Title:** Answer to Complaint with Affirmative Defenses and Jury Demand
**Date:** August 2, 2023
**Filed By:** Law firm representing co-defendant
**Description:** This document is the formal answer to the complaint, including multiple affirmative defenses aimed at negating or mitigating the SEC's claims, and a demand for a jury trial.

**Exhibit D:**
**Title:** Amended Answer to Complaint with Affirmative Defenses and Jury Demand
**Date:** August 22, 2023
**Filed By:** Attorney for Defense
**Description:** An amended answer to the complaint, refining and expanding upon the initial responses to the SEC's allegations, with additional affirmative defenses and a reiterated demand for a jury trial.

**Exhibit E:**
**Title:** Protective Order
**Date:** October 4, 2023
**Issued By:** Honorable Matthew F. Leitman
**Description:** This order grants a motion for protection, allowing for the redaction of sensitive financial information of the parties involved. It balances the need for transparency in judicial proceedings with the protection of sensitive personal and financial data from public disclosure.

**Exhibit F:**
**Title:** Order Granting Motion to Withdraw
**Date:** March 26, 2024
**Issued By:** Honorable Matthew F. Leitman
**Description:** This order grants Attorney Uretsky's motion to withdraw from representing Defendant Shumake and acknowledges Defendant Shumake's decision to proceed pro se, representing himself in the litigation.