UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.

Case No. 21-cv-12193
Hon. Matthew F. Leitman

ROBERT SAMUEL SHUMAKE, JR., *et al.*,

    Defendants.
_____/

### ORDER DENYING DEFENDANT VICENT PETRESCU'S MOTION FOR RELIEF FROM JUDGMENT (ECF No. 56)

In this action, Plaintiff United States Securities and Exchange Commission alleged that Defendant Vicent Petrescu, among other things, violated Section 4A(a)(5) of the Securities Act of 1934. (*See* Compl., ECF No. 1.) On December 23, 2021, the Court entered a Final Judgment against Petrescu. (*See* Judgment, ECF No. 21.) Petrescu "consented to the entry" of that Final Judgment and "waived any right to appeal" from the entry of the Final Judgment. (*Id.*, PageID.251.)

Two and a half years later, Petrescu has returned to this Court and filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(1). (*See* Mot., ECF No. 56.) In that motion, Petrescu argues that based on subsequent legal rulings by the Court in this case, his decision to consent to entry of the Final

1

Judgment was "a mistake[]" that entitles him to relief under Rule 60(b)(1). (*Id.*, PageID.671-672.)  The Court declines to grant Petrescu relief from the Final Judgment.[1]

Rule 60(b)(1) provides that "[o]n motion and just terms, the court may relieve a party […] from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect...." Fed. R. Civ. P. 60(b)(1).  Importantly, a motion under Rule 60(b)(1) must be made "not more than one year after the judgment, order or proceeding was entered or taken." Fed. R. Civ. P. 60(c)(1). *See also Harness v. Taft*, 801 F. App'x 384, 377-78 (6th Cir. 2020) (explaining that "a Rule 60(b)(1) motion must be made no more than one year after the entry of the judgment or order" being challenged).  "This time frame is mandatory and cannot be extended by the district court." *Jaiyeola v. Toyota Motor Corp.*, 2022 WL 17819776, at *3 (6th Cir. June 16, 2022) (citing Fed. R. Civ. P. 6(b)(2)).

Petrescu's motion is untimely.  This Court entered the Final Judgment on December 23, 2021, but Petrescu did not file his Rule 60(b)(1) motion until two and a half years later on March 24, 2024.  Petrescu is therefore not entitled to relief under Rule 60(b)(1). *See id.* (affirming denial of Rule 60(b)(1) motion because

---

[1] The Court initially set a hearing on Petrsecu's motion (*see* Notice of Hearing, ECF No. 61), but it has now determined that it may resolve the motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2).

motion was "untimely" and filed more than one year after judgment was entered against the defendant).

In his reply brief, Petrescu argues that even if his motion is untimely under Rule 60(b)(1), the Court should nonetheless consider it under Rule 60(b)(6), which allows a court to grant relief for "any other reason that justifies relief." (Reply Br., ECF No. 62, PageID.798.) But Petrescu may not raise this argument for the first time in a reply brief. *See, e.g., Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("Raising the issue for the first time in a reply brief does not suffice; reply briefs reply to arguments made in the response brief—they do not provide the moving party with a new opportunity to present yet another issue for the court's consideration. [....] As a matter of litigation fairness and procedure, then, we must treat [such issues] as waived") (internal citation omitted). In any event, Petrescu has not provided a sufficient analysis under Rule 60(b)(6) or any other subparagraph of Rule 60(b) that persuades the Court that he is entitled to relief from the Final Judgment.[2]

---

[2] If Petrescu believes in good faith that he is entitled to relief under a different subparagraph of Rule 60(b), he may file a second motion for relief from judgment. In that motion, Petrescu shall explain, in detail, why he believes he is entitled to relief and why his motion is timely under the rule(s) applicable to his motion.

3

For all of the reasons explained above, Petrescu's motion for relief from judgment (ECF No. 56) is **DENIED**.

                                                    s/Matthew F. Leitman
                                                    MATTHEW F. LEITMAN
                                                    UNITED STATES DISTRICT JUDGE

Dated: June 25, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 25, 2024, by electronic means and/or ordinary mail.

                                                    s/Holly A. Ryan
                                                    Case Manager
                                                    (313) 234-5126