# UNITED STATES DISTRICT COURT EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

   Plaintiff,

Case No. 21-cv-12193

v.                                 Hon. Matthew F. Leitman

ROBERT SAMUEL SHUMAKE, JR., *et al.*,
Defendants.

_____/

## MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL

Oral Arguments waived

Pursuant to 28 U.S.C. § 1292(b), Defendant ROBERT SAMUEL SHUMAKE, JR ("Defendant") respectfully moves this Court to certify its Order dated June 24, 2024, denying Defendant's motion to enforce automatic stay and impose sanctions and denying Defendant's motion to abate or stay proceedings for interlocutory appeal. In support of this motion, Defendant states as follows:

## I. INTRODUCTION

Defendant seeks certification for interlocutory appeal under 28 U.S.C. § 1292(b) of this Court's Order June 24, 2024, denying his motion to enforce automatic stay and impose sanctions and denying Defendant's motion to abate or stay proceedings. This certification is warranted because the Order involves

controlling questions of law as to which there are substantial grounds for difference of opinion, and an immediate appeal may materially advance the ultimate termination of this litigation.

## II. LEGAL STANDARD

Under 28 U.S.C. § 1292(b), an order may be certified for interlocutory appeal if: (1) the order involves a controlling question of law; (2) there is substantial ground for difference of opinion as to that question; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.

## III. ARGUMENT

A district court **shall** permit a party to appeal a non-final order when the court is "of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation . . ." 28 U.S.C. § 1292(b); see also In re Trump, 874 F.3d 948, 950-51 (6th Cir. 2017).(Emphasizes added)

**1. Controlling Question of Law**

In the case at bar, the Order dated June 24, 2024, denied Defendant's motion to enforce automatic stay and impose sanctions and denying Defendant's motion to abate or stay proceedings for interlocutory appeal. The Order involves a controlling question of law, specifically whether the automatic stay provisions under 11 U.S.C.

§ 362(a) apply to this case and whether sanctions should be imposed for alleged violations of the stay. The determination of this legal question will significantly affect the course of this litigation, as it directly impacts the proceedings and potential liabilities of the Defendant.

**2. Substantial Ground for Difference of Opinion**

Second, there is substantial ground for difference of opinion on the controlling legal issue. Substantial grounds for difference of opinion exist "when 'the question is difficult, novel and either a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions.'" Miedzianowski, 735 F.3d at 384 (*citing City of Dearborn v. Comcast of Mich. III, Inc.,* No. 08-10156, 2008 WL 5084203, at *7 (E.D. Mich. Nov. 24, 2008)). An issue is novel "where reasonable jurists might disagree on [its] resolution." Trump, 874 F.3d at 952 (*quoting Reese v. BP Expl., Inc.,* 643 F.3d 681, 688 (6th Cir. 2011)).

In the case at bar, substantial grounds for difference of opinion regarding the application of the automatic stay provisions and the appropriate sanctions. Courts have differed on the scope and applicability of 11 U.S.C. § 362(a) in similar contexts, and reasonable jurists may disagree on whether the specific facts of this case warrant the enforcement of the stay and the imposition of sanctions.

No other court has squarely addressed the question, and Sixth Circuit has not reached the issue. Cf. In re Miedzianowski, 735 F.3d at 384 (difficult question

whose resolution is governed by "little precedent" meets 1292(b) standard). Therefore, the second §1292(b) factor is also met.

**3. Materially Advance the Ultimate Termination of the Litigation**

Finally, this interlocutory appeal will materially advance the termination of this litigation. To determine whether "[a]n interlocutory appeal will materially advance the litigation," courts consider "if it will 'save substantial judicial resources and litigant expense.'" U.S. ex rel. Elliott v. Brickman Grp. Ltd., LLC, [845 F.Supp.2d 858, 871](#) (S.D. Ohio 2012) (quoting In re Regions Morgan Keegan ERISA Litig., 741 F.Supp.2d 844, 849 (W.D. Tenn. 2010)).

What will happen if the case continues. "By not later than **July 25, 2024**, Defendant shall fully respond to all of the interrogatories, requests to produce, and subpoenas that are identified in the Motion to Compel and attached as exhibits to the Motion." " By "fully respond," the Court means that Defendant shall provide complete answers to all interrogatories and shall produce all requested documents and all documents sought by subpoena. However, not more than 21 days after Plaintiff files the Amended Complaint, Defendant shall file a notice on the docket stating whether he denies that his legal name is as alleged in the Amended Complaint." (See ECF No. 66, Page ID. 858-860)

An immediate appeal would therefore materially advance this litigation. Id. An immediate appeal from the Order may materially advance the

ultimate termination of this litigation. If the Sixth Circuit Court of Appeals resolves these legal questions in favor of the Defendant, it may lead to the dismissal of the claims against him or significantly alter the litigation's trajectory, potentially avoiding protracted and costly proceedings.

Thus, the third and final §1292(b) factor is also met

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court certify its Order dated June 24, 2024, for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

Respectfully Submitted,

Robert Shumake, Pro Per

<u>/s/ Robert Shumake</u>
4072 Huckleberry Circle
Dallas, TX 75216
robshumake@gmail.com

Date: July 2, 2024

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 2, 2024 I caused to be served the foregoing Motion To Certify Order For Interlocutory Appeal with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record.

<u>/s/ Robert Shumake</u>
Robert Shumake, Pro Per