UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.

ROBERT SAMUEL SHUMAKE, JR., *et al.*,

    Defendants.

Case No. 21-cv-12193
Hon. Matthew F. Leitman

_____/

## ORDER DENYING DEFENDANT ROBERT SAMUEL SHUMAKE JR.'S MOTION TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL (ECF No. 68)

In this action, Plaintiff United States Securities and Exchange Commission (the "SEC") alleges, among other things, that Defendant Robert Shumake Jr. violated the Securities Act of 1934. (*See* Compl., ECF No. 1.)  After the parties commenced discovery, Shumake filed for personal bankruptcy under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Central District of California. (*See* Notice, ECF No. 50, PageID.659.[1])

Shumake then filed two motions to stay this action on the basis of the automatic stay provision of Section 362(a) of the Bankruptcy Code. (*See* Motions, ECF Nos. 57, 60.)  The SEC opposed Shumake's stay motions and cited substantial

---

[1] Shumake filed for bankruptcy under his new name, Bobby Japhia.

authority indicating that the automatic stay provision does not prohibit this Court from proceeding – at least at this point – because the SEC is pursuing this action under its police powers, and the exercise of police-powers is an exception to the automatic stay provision. (*See* Resp., ECF No. 58, PageID.756; *see also* Notice, ECF No. 50, PageID.653-655.)

On June 21, 2024, the Court held a hearing on Shumake's motions. (*See* Notice of Hearing, ECF No. 51.) Based on the substantial body of authority that the SEC had cited, the Court determined that the police-powers exception to the automatic stay provision applied and that the Court was not required to stay the proceedings at this time. Accordingly, the Court denied Shumake's motions in a written order dated June 24, 2024. (*See* Order, ECF No. 66.)

On July 2, 2024, Shumake filed a motion to certify the Court's June 24 order for an interlocutory appeal under 28 U.S.C. § 1292(b). (*See* Motion to Certify, ECF No. 68.) The Court concludes that it may resolve Shumake's motion without oral argument. *See* E.D. Mich. Local Rule 7.1(f)(2). For the reasons explained below, the motion is **DENIED**.

I

Section 1292(b) authorizes a district court to certify an interlocutory order for review by a court of appeals. It provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that [1] such order involves a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original).

The party seeking certification bears the burden of showing that each of the requirements listed in Section 1292(b) are satisfied, *see Vitols v. Citizens Banking Co.*, 984 F2d. 168, 170 (6th Cir. 1993), and a district court may not certify an order for review under Section 1292(b) unless it "expressly find[s] that all three" of the "requirements are met." *Couch v. Telescope, Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (emphasis added); *see also Ahrenholz v. Board of Trustees of University of Illinois*, 219 F.3d 674, 676 (7th Cir. 2000) ("Unless all these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b).").

The United States Court of Appeals for the Sixth Circuit has emphasized that "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *In Re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002). As that court has explained:

> It is quite apparent from the legislative history of the Act of September 2, 1958, that Congress intended that section 1292(b) should be sparingly applied. It is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation.

*Kraus v. Bd. of Cty. Rd. Comm'rs for Kent Cty.*, 364 F.2d 919, 922 (6th Cir. 1966) (*quoting Milbert v. Bison Laboratories*, 260 F.2d 431, 433 (3d Cir. 1958)).

The Court declines to certify for appeal its June 24 order denying Shumake's motions for a stay because Shumake has not shown that there exists substantial ground for disagreement on the controlling question of law decided by the Court in its order. "District courts in this circuit have interpreted 'a substantial ground for difference of opinion ... regarding the correctness of the decision' to mean [among other things] when 'the question is difficult and of first impression,'" *In re Miedzianowski*, 735 F.3d 383, 384 (6th Cir. 2013) (*quoting City of Dearborn v. Comcast of Mich. III, Inc.*, 2008 WL 5084203, at *3 (E.D. Mich. Nov. 24, 2008)), and Shumake has not met either of those criteria. Shumake cites no authority that conflicts with the long line of cases cited by the SEC (and followed by the Court) holding that the automatic stay provision of the Bankruptcy Code does not apply to

4

actions like this one that the SEC pursues as an exercise of its police powers. Likewise, he has cited no such authority in his underlying motions for stay. Simply put, he has failed to show that the question decided by the Court is a close question or one of first impression.

## II

For all of the reasons explained above, Shumake's motion to certify the Court's June 24 order for interlocutory appeal (ECF No. 68) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 16, 2024

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 16, 2024, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126

5