UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,**

        **Plaintiff,**

        v.

**BOBBY SHUMAKE JAPHIA,**

        **Defendant.**

_____/

Case No. 2:21-cv-12193

Hon. Matthew F. Leitman

**NOTICE BY U.S. SECURITIES AND EXCHANGE COMMISSION
OF CONCLUSION OF DEFENDANT'S CHAPTER 7 BANKRUPTCY AND
EXCEPTIONS TO DISCHARGE**

Plaintiff U.S. Securities and Exchange Commission ("SEC") respectfully provides notice of the conclusion of Defendant Japhia's Chapter 7 bankruptcy and the exceptions to the Defendant's Chapter 7 discharge.

1. On February 9, 2024, the SEC filed a Notice [ECF No. 50] informing the Court that Defendant had filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court for the Central District of California, Case No. 24-bk-10129 (Bank. C.D. Cal.).

2. On June 24, 2024, this Court entered an Order [ECF No. 66], which determined, among other things, that the SEC's continuation of this action was excepted from the automatic stay in Defendant's bankruptcy.

1

3. On October 25, 2024, the Bankruptcy Court entered an Order of Discharge, which provides for the discharge of certain debts owed by Defendant to his creditors. A true and correct copy of the Order of Discharge is attached hereto as **Exhibit A**. Following entry of the Order of Discharge, on October 29, 2024, Defendant's Chapter 7 bankruptcy case was closed.

4. The SEC's claims against Defendant are not subject to the Order of Discharge. Exceptions to a Chapter 7 discharge are listed in Section 523(a) of the Bankruptcy Code, and included among the nineteen categories of excepted debts are: (i) debts for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for an actual pecuniary loss [11 U.S.C. § 523(a)(7)]; and (ii) debts for the violation of any of the Federal securities laws, or any regulation or order issued under the Federal securities laws [11 U.S.C. § 523(a)(19)]. These two discharge exceptions are among the sixteen discharge exceptions that are "self-effectuating," meaning that "[t]he debts are excepted from discharge simply because of the nature of the debts" and thus, "no action is required before the discharge is entered." *Everly v. 4745 Second Avenue, Ltd. (In re Everly)*, 346 B.R. 791, 795 (8th Cir. BAP 2006).

5. Because the SEC's claims in this action allege violations of the Federal securities laws, and the relief sought includes fines, penalties or forfeiture payable to the SEC, the self-effectuating discharge exceptions set forth in Sections

523(a)(7) and (a)(19) apply. Accordingly, the Order of Discharge does not impact any of the SEC's claims in this case.

November 21, 2024   Respectfully Submitted,

**UNITED STATES SECURITIES
AND EXCHANGE COMMISSION**

<u>s/John E. Birkenheier</u>
John E. Birkenheier, Illinois Bar No. 6270993
Jerrold H. Kohn, Illinois Bar No. 6188085
Dante A. Roldàn, Illinois Bar No. 6316972
U.S. Securities and Exchange Commission
Chicago Regional Office
175 West Jackson Blvd., Suite 1450
Chicago, Illinois 60604
(312) 353-7390
(312) 353-7398 (facsimile)
BirkenheierJ@sec.gov
KohnJ@sec.gov
RoldanD@sec.gov

Dawn N. Ison, United States Attorney
Kevin Erskine (P69120), Assistant United States Attorney
211 W. Fort Street, Ste. 2001
Detroit, MI 48226
Tel: (313) 226-9610
Email: Kevin.Erskine@usdoj.gov

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2024, I caused to be served the foregoing Notice on the *pro se* party shown below at the indicated address by first class U.S. mail and by email.

<u>s/John E. Birkenheier</u>
John E. Birkenheier

Bobby Shumake Japhia
4072 Huckleberry Circle
Dallas, TX 75216
robshumake@gmail.com