UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES AND
EXCHANGE COMMISSION,

    Plaintiff,

v.

    Case No. 21-cv-12193
    Hon. Matthew F. Leitman

BOBBY SHUMAKE JAPHIA,

    Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO STAY CIVIL PROCEEDINGS (ECF No. 84)

In this action, the United States Securities and Exchange Commission ("SEC") brought claims against Defendant Bobby Shumake Japhia, f/k/a Robert Samuel Shumake, Jr. ("Japhia"). The claims arise out of fraud that Japhia allegedly committed in connection with crowdfunding offerings issued by 420 Real Estate, LLC and Transatlantic Real Estate, LLC. (*See* Compl. at ¶¶ 1-2, PageID.1-2.) In a separate civil action, currently pending in the United States District Court for the District of Columbia, the SEC brought claims against Japhia for allegedly defrauding investors in a separate entity, Minerco, Inc. (the "Minerco Civil Action") (*See* Mot., ECF No. 84, PageID.1006.) A federal grand jury in the District of Columbia has also returned an indictment charging Japhia with securities fraud, obstruction, and "devis[ing] and organiz[ing] a scheme to defraud investors in Minerco, Inc" (the

1

"Minerco Criminal Action"). (*Id.* at PageID.1005.) The D.C. District Court entered an order staying the Minerco Civil Action pending the outcome of the Minerco Criminal Action. (*See id.*, PageID.1005.) Japhia now seeks a stay of this action pending the outcome of the Minerco Criminal Action. (*See id.*, PageID.1011.) For the reasons explained below, Japhia's motion to stay (ECF No. 84) is **DENIED**.

I

District courts have "broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 627 (6th Cir. 2014) (quoting *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D. Mich. 2007)). To determine whether to stay a civil matter in light of an existing or parallel criminal proceeding, district courts generally consider six factors:

> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; 2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.

*Id.* It is Japhia's burden to show that "there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Id.* (quoting *Ohio Env't. Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977)). Japhia has not met that burden.

In the SEC's response to Japhia's motion for a stay, the SEC showed why every one of the six prongs of the test for a stay weighs against staying this action. (*See* Resp., ECF No. 87, PageID.1029-1034.)  The Court agrees with the SEC and adopts the SEC's reasons for denying a stay here.  Nonetheless, the Court briefly addresses each factor below.

First, the issues in the Minerco Criminal Action do not overlap with those presented in this action.  The allegations in each of the actions relate to separate entities, arise out of different allegedly fraudulent conduct, and involve differing sets of defendants other than Japhia.

Second, Japhia does not suggest that there is a pending or impending criminal action against him based on the allegations in this action.  Japhia has therefore failed to show that his defense of this action will put him in jeopardy in any criminal proceedings.

Third, a delay here would prejudice the SEC by hindering its ability to "fulfill its mission to protect both the investors in this case and the general public through the injunctive and other relief sought by the SEC." (*Id.* at PageID.1033.)

Fourth, Japhia has not shown how proceeding with this action would undermine his personal interests or unduly burden him.

Fifth, the Court has an interest in bringing this three-and-a-half-year-old case to a conclusion rather than staying it pending an unrelated and potentially lengthy criminal process.

Sixth, and finally, the public interest weighs in favor of bringing this action to a close for all of the reasons discussed above.

For all of the reasons explained above and by the SEC in its response to Japhia's motion, Japhia's motion to stay civil proceedings (ECF No. 84) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 5, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 5, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126