UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES SECURITIES
AND EXCHANGE COMMISSION,

        **Plaintiff,**

v.

BOBBY SHUMAKE JAPHIA,

        **Defendant.**

_____/

Case No. 2:21-cv-12193

Hon. Matthew F. Leitman

### SEC'S RESPONSE TO JAPHIA'S MOTION FOR APPOINTMENT OF AN INDEPENDENT REVIEW[ER] OR SPECIAL MASTER (ECF 118)

Plaintiff U.S. Securities and Exchange Commission ("SEC") hereby responds to Defendant Japhia's "Motion for Appointment of Independent Review[er] or Special Master" (ECF 118).[1] The motion seeks appointment of a special master or independent reviewer pursuant to Federal Rule of Civil Procedure 53, production of relevant documents by the government to the reviewer under seal, and submission of a report and recommendation to the Court. (ECF 118 at 2.) The Court should not grant any of the requested relief.

---

[1] In addition to the filing addressed in this Response, Japhia has made various other filings since the SEC filed its Notice (ECF 96) concerning Mr. Glaser's Declaration. (*See* ECF 97 through 105, 112 through 119.) The SEC responded to ECF 97, 99, and 100 on June 2, 2025. (ECF 109). On June 4, the SEC responded to ECF 98 and 103 (ECF 121) and ECF 101 and 102 (ECF 122.) On June 12, the SEC responded to ECF 105 (ECF 124). On June 16, the SEC responded to ECF 107, 108, 110, and 111 (ECF XXX) as well as ECF 112 through 116 (ECF XXX.)

Rule 53 states that unless a statute provides otherwise, a court may appoint a master only to:

>  (A)   Perform duties consented to by the parties;
>
>  (B)   Hold trial proceedings and make or recommend findings of fact on issues to be decided without a jury if appointment is warranted by:
>
>    (i)   some exceptional condition; or
>
>    (ii)  the need to perform an accounting or resolve a difficult computation of damages; or
>
>  (C)   Address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district.

Rule 53(a)(1)(A)-(C). Rule 53(a)(1)(A) does not apply because the SEC has not consented to the appointment of a master to perform duties in this matter.

Nor does Rule 53(a)(1)(B) apply. "As Rule 53 explains, the Court 'may' appoint a master if doing so is justified by 'some exceptional condition.'" *Abbott v. Rechlin*, No. 2:23-CV-10962-TGB-DRG, 2024 WL 51023, at *4 (E.D. Mich. Jan. 4, 2024) (quoting Rule 53(a)(1)(B)(i)). Appointment of masters is typically limited to cases involving "complex litigation" or in which "expert knowledge would assist the Court, like in interpreting patent claims." *Stribling v. Washington*, No. 20-12990, 2022 WL 994654, at *4 (E.D. Mich. Apr. 1, 2022). The SEC's allegations

concerning Japhia's alleged violations of the federal securities laws (ECF 1) are not particularly complex and do not require expert knowledge. Nor are the issues associated with Mr. Glaser's Declaration particularly complex. In addition, the SEC has asked the Court for two additional weeks to file a proposal to resolve the pending summary judgment motion. (ECF 127.) The Court and the parties will be better informed at that time, but the SEC anticipates that there will be no "exceptional condition" requiring the appointment of a master.

Japhia's Motion appears to be premised specifically on Rule 53(a)(1)(C) and "judicial efficiency." (ECF 118 at 2.) However, Japhia has made no showing that his allegations of "government misconduct" cannot be addressed by an available district judge or magistrate judge. As of this filing, it has been exactly one month since the SEC disclosed the inaccuracies in Mr. Glaser's Declaration via ECF 96 on May 16, 2025. Japhia has since made approximately two dozen filings seeking various forms of relief from this Court and others. (ECF 97-105, 107-108, 110-120, 123, 125-126.) The time for the parties to brief these filings has only recently ended for the earliest of those papers.

Furthermore, the grounds for relief invoked by Japhia (ECF 118 at 1) do not justify the appointment of a master here. As explained in ECF XXX, Japhia is not a "whistleblower" for purposes of the SEC's whistleblower statute because he fails to satisfy several statutory definitions. Japhia's motion also utterly fails to explain what

3

"retaliatory conduct" he has experienced "by SEC attorneys and/or affiliates" following his allegedly "protected disclosure." The motion contains no details concerning what conduct has occurred, when, by whom, or how it constitutes retaliation. Japhia similarly does not explain why the alleged filing of a "Federal Tort Claim" would require appointment of a master. Likewise, Japhia has not established why this Court cannot "ensure neutrality and fairness" as it continues to preside over this litigation. Nor has he explained why the Court cannot address his claims of "whistleblower retaliation, institutional misconduct, and enforcement abuse" as part of its ruling on the SEC's pending motion for summary judgment and overall management of this litigation. A "pretrial master should be appointed 'only when the need is clear.'" *Thomas v. U.S. Postal Service*, No. 2:22-cv-11506, 2024 WL 4311644, at *3 (E.D. Mich. Sept. 26, 2024) (quoting advisory committee notes).

The Court should also deny Japhia's motion because it fails to "consider the fairness of imposing the likely expenses on the parties." Fed. R. Civ. P. 53(a)(3). Appointing a master here would not "protect against unreasonable expense or delay." *Id.* The Court is equally if not better positioned to address Japhia's claims of misconduct than a master who would need to familiarize himself or herself with the facts of this long-pending litigation.

4

For all the foregoing reasons, the SEC respectfully requests that the Court deny Japhia's "Motion for Appointment of [an] Independent Review[er] or Special Master."

Dated: June 16, 2025

Respectfully submitted,

**UNITED STATES SECURITIES AND EXCHANGE COMMISSION**

/s/ BeLinda I. Mathie
BeLinda I. Mathie, Illinois Bar No. 6275461
Benjamin Hanauer, Illinois Bar No. 6280156
Jerrold H. Kohn, Illinois Bar No. 6188085
U.S. Securities and Exchange Commission
175 West Jackson Blvd., Suite 1450
Chicago, Illinois 60604
(312) 353-7390
(312) 353-7398 (facsimile)
MathieB@sec.gov
HanauerB@sec.gov
KohnJ@sec.gov

*Attorneys for Plaintiff*

5

## **CERTIFICATE OF SERVICE**

  I hereby certify that on June 16, 2025, I caused a copy of the foregoing Response to be served on the pro se party shown below at the indicated addresses by first class U.S. mail and by email.

  Bobby Shumake Japhia
  4072 Huckleberry Circle
  Dallas, TX 75216
  robshumake@gmail.com

            /s/ BeLinda I. Mathie
            Attorney for Plaintiff
            U.S. Securities and Exchange Commission