UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

BOBBY SHUMAKE JAPHIA, f/k/a ROBERT SAMUEL SHUMAKE, JR.,

Defendant.

Case No. 2:21-cv-12193

Hon. Matthew F. Leitman

---

DEFENDANT'S RESPONSE TO PLAINTIFF'S RESPONSE TO ADDITIONAL FILINGS (ECF No. 129)

NOW COMES Defendant, Bobby Shumake Japhia, appearing pro se, and files this response to the SEC's Response (ECF No. 129) to Defendant's Motions ECF 107, 108, 110, and 111. The SEC's continued denials, obfuscations, and attempt to sanitize the record underscore why this matter demands judicial intervention and not blind deference to the agency.

I. THE GOVERNMENT MUST BE BEYOND REPROACH

Federal agencies, especially those with enforcement authority like the SEC, must be held to the highest standard of integrity when appearing before Article III courts. When a government agency:

- Files false declarations (ECF No. 91-11),
- Admits to falsehoods (ECF No. 96),
- Refuses to correct or withdraw tainted filings,
- And continues to mislead the Court on statutory whistleblower protections (ECF No. 130),

it forfeits any claim to judicial deference. The government must be beyond reproach. The SEC has shown, repeatedly, that it is not.

II. THE SEC'S RESPONSE IGNORES CORE FRAUD CLAIMS

The SEC's filing in ECF No. 129 strategically avoids addressing the merits of the core fraud allegations:

- That the Glaser declaration is a knowingly false document still relied upon;
- That the SEC falsely denied whistleblower status to the Defendant despite public rulings, internal policy (17 C.F.R. § 240.21F-2), and a filed TCR (#17487-961-829-439);
- That the SEC's attorneys made factual and legal misrepresentations to this Court.

The Response instead attempts to reframe these systemic fraud claims as "additional filings," trivializing what are, in substance, constitutional violations and institutional fraud.

III. JUDICIAL ACCOUNTABILITY IS NOT OPTIONAL

The Court's duty is not merely to manage filings, but to ensure that justice is done. That includes correcting fraud on the court, especially when committed by government actors.

See:

- Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944);
- Chambers v. NASCO, Inc., 501 U.S. 32 (1991);
- Demjanjuk v. Petrovsky, 10 F.3d 338 (6th Cir. 1993).

Each of these cases affirms that fraud-especially when intertwined with a government enforcement record-demands more than a passing response. It demands action.

IV. RELIEF REQUESTED

Defendant respectfully requests that this Court:

1. Acknowledge the SEC's ongoing misrepresentations and pattern of evasion;

2. Take judicial notice of the SEC's false declaration (ECF No. 91-11), admitted in ECF No. 96;

3. Strike all filings that continue to rely on or defend those materials;

4. Refer the SEC's conduct to the Office of Inspector General and/or Department of Justice;

5. Grant such other relief as is just and necessary to preserve judicial integrity.


Respectfully submitted,


/s/ Bobby Shumake Japhia

Pro Se Defendant

Dated: June 16, 2025